**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO ALFREDO ACOSTA-
LUNA,

Defendant - Appellant.

No. 04-2186
(D. New Mexico)
(D.Ct. No. CR-04-190 RB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On February 25, 2004, Francisco Acosta-Luna pled guilty to an indictment

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

charging illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(1). The indictment alleged Acosta-Luna had been previously convicted of a felony[1] and deported. The Presentence Investigation Report (PIR) calculated a base offense level of 8, *see* USSG §2L1.2(a), an upward adjustment of four levels due to a prior deportation after conviction of a felony, *see* USSG § 2L1.2(b)(1)(D), and a downward adjustment of two levels for acceptance of responsibility, *see* USSG §3E1.1, resulting in a total offense level of 10.[2] The PIR calculated a criminal history category of IV. The applicable guideline range was fifteen to twenty-one months.[3] The PIR identified no departure issues. At sentencing on July 7, 2004, without objection or additional argument from the parties, the court adopted the PIR's factual findings and application of the guidelines and sentenced Acosta-Luna to fifteen months imprisonment, the low end of the guideline range. Acosta-Luna appeals on the ground his sentence violates the rule announced in *Blakely v. Washington,* -- U.S. --, 124 S.Ct. 2531 (2004). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM.

---

[1] Acosta-Luna had previously been convicted of illegal re-entry in violation of 8 U.S.C. § 1326.

[2] The PIR and the eventual sentence applied the November 2003 edition of the United States Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual* (Nov. 2003).

[3] The offense carried a maximum authorized sentence of ten years. *See* 8 U.S.C. § 1326(b)(1).

In *Blakely*, the Court applied its decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") to invalidate, under the Sixth Amendment, Washington's application of its sentencing guidelines.[4]  In *United States v. Booker,* -- U.S. -- , 125 S.Ct. 738, 755-56 (2005), the Court extended its ruling in *Blakely* to invalidate the federal sentencing guidelines insofar as they were mandatory.  125 S.Ct. at 746.  It held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.  The Court concluded the guidelines would not offend the Constitution if advisory only.  *Id.* at 750.  To this end, in the remedial portion of its opinion, the Court excised those provisions mandating their application.  *Id.* at 756-57.  The Court indicated its decision was applicable to all

---

[4] In *Blakely*, the trial court enhanced a standard sentence under Washington's sentencing guidelines.  The facts necessary to support the enhancement were neither admitted by the defendant nor proven to a jury beyond a reasonable doubt.  Even though the enhanced sentence did not exceed the statutory ceiling of imprisonment for the offense, the Court invalidated it under the Sixth Amendment.  *Blakely,* 124 S.Ct. at 2537-38.  In doing so, the Court clarified that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537 (quotation marks and emphasis omitted).

cases, like this one, on direct review.[5]  *Id.* at 769.

Applying *Booker,* we have stated:

> [T]here are two distinct types of error that a court sentencing prior to *Booker* could make.  First, a court could err by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily.  As *Booker* makes clear, the Sixth Amendment prohibits this practice.  As a matter of convenience, we will refer to such an error as a constitutional *Booker* error.  Second, a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction.  While this type of sentence does not violate the Sixth Amendment, such a sentence is nonetheless impermissible because the Court severed the portion of the Sentencing Reform Act that required the mandatory application of the Guidelines.  We will refer to this second type of error as a non-constitutional *Booker* error.

*United States v. Gonzalez-Huerta,* 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc) (quotation marks and citations omitted).  Irrespective of the type of error involved, *Booker* does not necessitate a remand for resentencing in all instances.  Instead, "reviewing courts [are] to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the plain-error test."  *Booker,* 125 S.Ct. at 769 (quotation marks omitted).

Applying these principles to the case presented, it is clear there is no constitutional *Booker* error.  This is because the rule announced in

---

[5] Acosta-Luna filed his appellate briefs after *Blakely* was decided and before *Booker* was decided.

*Booker* specifically excludes from its application the fact of a prior conviction (the only enhancement applied in this case). To boot, Acosta-Luna admitted to his prior conviction.

As to non-constitutional *Booker* error, inasmuch as Acosta-Luna did not object at sentencing, we apply the plain error test. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta,* 403 F.3d at 732 (internal quotation marks omitted). We enjoy discretion to notice plain error. *See* FED. R. CRIM. P. 52(b).

"*Booker* errors satisfy the first two prongs of the plain-error test." *United States v. Clifton,* 406 F.3d 1173, 1181 (10th Cir. 2005). "Satisfying the third prong of plain-error review--that the error affects substantial rights--usually means that the error must have affected the outcome of the district court proceedings." *Gonzalez-Huerta,* 403 F.3d at 732 (internal quotation marks omitted). It is the appellant's burden to make this showing. *Id.* at 733. "To meet this burden, the appellant must show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Id.* (internal quotation marks omitted).

As a result of *Booker*, the provisions of 18 U.S.C. § 3553(a), unconstrained

by mandatory application of the guidelines, are now preeminent in sentencing.[6]

_____

[6] **Factors to be considered in imposing sentence**. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed –

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for –

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

    (5)    any pertinent policy statement –

        (A)    issued by the Sentencing Commission . . . .

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

We have carefully examined the record. We observe trial counsel agreed with the court's sentence, sought no departures and requested only that the court exercise its discretion to run the sentence concurrent with a related term of imprisonment, a request the court denied.[7] Furthermore, the court expressed no dissatisfaction with the mandatory guideline sentence. Such a record provides no basis from which to conclude Acosta-Luna's sentence would have been different under an advisory scheme in which the factors expressed in § 3553(a) are controlling. Therefore, the third prong of the plain error test is not satisfied.

For like reasons, Acosta-Luna cannot satisfy the fourth prong of the plain error test. We will not notice non-constitutional *Booker* error under the fourth prong "unless it is both particularly egregious and our failure to notice the error would result in a miscarriage of justice." *Id.* at 736 (internal quotation marks omitted). This standard is demanding, and the appellant bears the burden of

---

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[7] In denying the request to run the sentences concurrently, the court stated:

> You know, there certainly is much merit in what you have to say . . . but I just have a sense that given his history it might prevent another illegal reentry for some period of time to impose a consecutive sentence in this case. The guidelines call for it. I realize that they are advisory and not binding, obviously, but policy statement, but I think it's an appropriate sentence here.

(R. Vol. III at 6.)

proof. *Id.* at 737. When a sentence, like Acosta-Luna's, is within the national norm established by the guidelines and the record is bereft of any evidence to support a reduced sentence, the standard is not met. *See id.* at 738-39.

Acosta-Luna has failed to demonstrate plain error. Accordingly, we AFFIRM the district court's judgment.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge